IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZACHARY CHESSER,
76715-083,

   Petitioner,

     vs.

JEFFREY WALTON,

   Respondent.                       Case No. 14-cv-00626-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Zachary Chesser, an inmate in the United States Penitentiary in Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Following an altercation on August 14, 2013, Chesser was charged and later found guilty of assaulting another inmate. As a result, Chesser lost 27 days of good time credit and 90 days of commissary, phone, and visitation privileges. In this action, Chesser seeks restoration of the good time credit and expungement of the related incident report.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

## Background

On August 14, 2013, according to Chesser's own description of events, Chesser entered the cell of inmate Reed and began striking Reed. (Doc. 1, p. 5). In response, Chesser maintains that Reed "fought back" in that Reed "pushed [him] into a wall, tried to pull out [his] beard, and placed [him] in a headlock." *Id*. at 16. According to the incident report, an officer observed Reed "bear-hugging" Chesser outside of Reed's cell. *Id*. at 8. When the officer approached the two inmates, they separated. The officer noted small contusions around Reed's eye; Chesser had no visible injuries. *Id*.

Video footage of the incident confirmed that Chesser went into Reed's cell and shortly thereafter the two emerged with Reed holding Chesser around the mid-section. Immediately following the altercation, Reed stated that Chesser had entered his cell for no reason and started hitting him the face with his fists. *Id.* Initially, Chesser did not provide a statement, but later he admitted that he struck Reed because Reed had "asked guards to ban the Islamic call to prayer." *Id*. at 5.

Chesser was charged with assaulting another person, an act prohibited by the Federal Bureau of Prisons. Due to the seriousness of the charge and the potential loss of good conduct time, the incident was referred to a Disciplinary Hearing Officer ("DHO") for a hearing. The DHO report summarizes Chesser's statements at the hearing as follows: "I defiantly started the exchange. I went into

[sic] cell. He got up and I was the first one to strike him. I started the fight. Then he pushed me, dragged me and put me up against the wall. He also pulled my beard. This guy is a bigot. He is always making comments about Muslim [sic] and it just got to me." *Id.* at 12. The DHO Report provided a thorough recitation of the events and the evidence relied upon. *Id.* at 12-14. Based on multiple pieces of evidence – including, but not limited to a statement of an officer who witnessed the altercation, inmate Reed's statement and injuries, video footage of the incident, and Chesser's own statements at the hearing – the DHO concluded that Chesser had committed the act as charged. *Id.* at 12.

## Analysis

Chesser filed, and lost, appeals challenging the DHO's findings on several grounds, *id.* at 16, but he raises only two issues in this § 2241 petition. First, Chesser claims he was denied due process of law when the Bureau of Prisons and the DHO failed to provide him with a definition of the terms "assault" and "fight" so that he could properly defend himself at his hearing. Second, Chesser asserts that he should have been convicted of fighting instead of assault based upon the "linguistic" definition of fighting.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time. *Id.* at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1)

written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir.2007); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

In this case, Chesser was convicted of violating Code 224, "assault without serious injury." 28 C.F.R. § 541.3, Table 1 (2011). At issue here is whether Chesser's due process rights were violated because the distinction between "assault" and "fighting" was never explained to him. In support of this argument, Chesser states, "The terms 'assault' and 'fight' can be linguistically applied to many identical incidents. Fighting is a lesser charge in BOP policy than assault. Chesser only presented the defense that his conduct constituted fighting not assault, but he had no way to argue this other than through use of the linguistic definitions which the BOP rejected."

First and foremost, Chesser is mistaken that "fighting" is a lesser charge than the type of assault he was charged with. According to 28 C.F.R. § 541.3, "fighting with another person" (Code 201) and "assault without serious injury" (Code 224)[1] are both considered "High Severity Level Prohibited Acts." As such, the sanction for a violation of either would be the same. Chesser has never denied

---

[1] According to 28 C.F.R. § 541.3, a charge of "assault" under Code 224 is "used when less serious physical injury or contact has been attempted or accomplished by an inmate." A charge of "assault" under Code 101 is considered under the category of "Greatest Severity Level Prohibited Acts" and used "only when serious physical injury has been attempted or accomplished." In this case, Chesser was charged with the less serious form of assault.

"fighting" with Reed; not only did he admit striking Reed, but he also conceded that he had started the altercation. (Doc. 1, p. 5). In fact, the essence of Chesser's defense is that Reed "fought back" and that Chesser should not be punished more harshly simply because Reed was not good at fighting (and thus, was the only one injured in the altercation). But, as noted above, as a practical matter, it would not have mattered if Chesser were convicted of fighting or assault. Chesser's defense – that he was "fighting" – lands him in the same category of prohibited acts as an "assault." Thus, even if the distinction between "fighting" and "assault" was never clarified, Chesser has failed to explain how he suffered any harm.

Moreover, the Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported only by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). In reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

Again, Chesser admits outright that he initiated an altercation with Reed. Based on the lenient standard set out by the Seventh Circuit, this admission alone – not to mention all of the corroborating evidence – supports the conclusion of guilt reached by both the DHO and the advisory board. For this reason, this petition is dismissed with prejudice.

## Disposition

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 20, 2014**

Digitally signed by David R. Herndon
Date: 2014.06.20 17:29:49 -05'00'

**Chief Judge
United States District Court**